UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62305-CIV-MARRA/HOPKINS

FLAGSTAR BANK, FSB, a
Federally Chartered Savings Bank

    Plaintiffs,

vs.

EDWARD SOLOMON, *et al.*,

    Defendants,
_____/

### **OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendants Ronan & Associates, Inc., Sanzo & Associates, Inc., Edward Ronan, and Steven Sanzo's Motion to Dismiss (DE 29). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background[1]

This matter arises out of twenty residential mortgage transactions that were "underwr[itten], approved, and funded" by Plaintiff Flagstar Bank ("Flagstar") from The Addison Mortgage Group Inc. ("Addison")[2] that have since proven to be problematic. Amended Complaint at ¶¶ 22, 46. Defendants are appraisal companies and individual appraisers that were involved in the appraisal of the suspect mortgages. Id. at ¶¶ 17-18. The crux of the Amended

---

[1] The facts are taken from Plaintiffs' Complaint and are assumed true for the purposes of Defendant's Motion to Dismiss.

[2] Addison, its former Chief Executive Officer Edward Solomon, and its former President Karen L. Solomon have all since filed for bankruptcy and are not parties to this action. Amended Complaint at ¶¶ 29, 31-32.

Complaint is that each of the Defendants knew, or should have known, that the applications submitted to Flagstar contained false and misleading statements, errors, or omissions.  Plaintiff alleges that these Defendants "were, at all material times, the agents, servants, employees, or partners of Addison and/or each of the other Defendants in each of the Subject Loans." Amended Complaint at ¶ 39.  Through its Amended Complaint (DE 20), Plaintiff alleges Negligent Misrepresentation (Count I), Negligence/Breach of Professional Duties (Count II), and Unjust Enrichment/Imposition of Constructive Trust (Count III).  Id.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

For allegations of fraud or mistake, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. That rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd., 2011 WL 4434891, * 2 (S.D. Fla. 2011) (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)).

### III. Discussion

Defendants raise four challenges to the Amended Complaint: (1) Count I (Negligent Misrepresentation) does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); (2) Counts I (Negligent Misrepresentation) and II (Professional Negligence) must be dismissed because Defendants cannot be liable to third-parties who were not the intended

3

users of the appraisals in question; (3) Count II (Professional Negligence) must be dismissed because Defendants were not professionals as defined under Florida law; and (4) Count III (Unjust Enrichment) must be dismissed because Plaintiff did not confer any direct benefit on Defendants.

First, the parties disagree over whether Plaintiff's claim for negligent misrepresentation is based in fraud or negligence.  Regardless of the answer to that question, the Court concludes that the Amended Complaint satisfies the pleading requirements for both fraud and negligence.  If the claim is based in fraud, then it would be subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  After carefully reviewing the Complaint, the Court concludes that Plaintiffs' claim for negligent misrepresentation satisfies the heightened pleading requirements of Rule 9(b).  That rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Ziemba, 256 F.3d at 1202 (quoting Durham v. Bus. Management Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotations omitted).  The Amended Complaint outlines specific statements made by specific Defendants involved in specific mortgages.  See Amended Complaint at ¶¶ 55-135.  Although Defendants quote eleven statements from the Amended Complaint that refer to the Defendants broadly, these quotations completely disregard the specificity of paragraphs 55 through 135.  The Court concludes that those statements adequately "alert[] [D]efendants to the precise misconduct with which they are charged," Ziemba, 256 F.3d at 1202, and are therefore satisfy the heightened pleading requirements fo Rule 9(b).

With regard to a claim based in negligence, the parties disagree over whether Defendants

owed any duty to Plaintiff. "To determine whether a duty sufficient to support a negligence claim exists, one begins by determining whether the defendant by its conduct created a foreseeable zone of risk." ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. Of Maryland, 917 So. 2d 368 (Fla. 5th DCA 2005) (citing McCain v. Florida Power Corp., 593 So. 2d 500 (Fla. 1992); Paszamant v. Ret. Accounts, Inc., 776 So. 2d 1049 (Fla 5th DCA 2001)). Defendants rely on a number of decisions to support the proposition that an appraiser owes no duty to a lender who acquires loans after the execution of the mortgage. See Motion at 8-15 (relying on Cooper v. Brakora & Associates, Inc., 838 So. 2d 679 (Fla. 2nd DCA 2003); First State Savings Bank v. Albright & Associates of Ocala, Inc., 561 So. 2d 1326 (Fla. 5th DCA 1990)). The Amended Complaint, however, expressly states that "Flagstar underwrote, approved and funded, among others, the Subject Loan Transactions." Amended Complaint at ¶ 46. Although Defendants appear to assert that this statement is not accurate, that determination will not be made at this stage of the proceedings. Accordingly, the Court concludes that Defendants' conduct, as alleged in the Complaint, created a foreseeable zone of risk within which Plaintiff fell.

Defendants also assert that "Plaintiff[] knew or should have known as much about the appraised values of secured properties as did any of the other Defendants at that time." Motion at p. 8. In support of this assertion, Defendants reference portions of the Amended Complaint that state Plaintiff engaged in independent audits of the property, revealing inaccuracies of the appraisals prepared by Defendants. Whether Plaintiff's reliance upon the appraisals was reasonable is a factual question that cannot be resolved, as a matter of law, on a motion to dismiss.

The Court also rejects Defendants' argument that Count II (Professional Negligence)

must be dismissed because Defendants were not professionals as defined under Florida law, relying on Garden v. Frier, 602 So. 2d 1273, 1275 (Fla. 1992).  Whether Defendants were professionals within the meaning of Florida law is only relevant in deciding if Plaintiff timely filed its claims within the professional statute of limitations.  In Garden, the Florida Supreme Court held that the Defendant was not a professional, and therefore **not subject to the professional malpractice statute of limitations**.  626 So. 2d at 1275.  Defendants fail to provide any authority or analysis as to why a finding that Defendants are not professionals would warrant dismissal.  Accordingly, the Court rejects Defendants third argument without answering the question of whether Defendants were "professionals" under Florida law.

Finally, Defendants argue that Count III (Unjust Enrichment) must be dismissed because Plaintiff did not confer any direct benefit on Defendants.  "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof."  Virgilio v. Ryland, --- F.3d ---, 2012 WL 1758086 at *6 (11th Cir. May 18, 2012) (citing Fla. Power Corp. v. City of Winter Park, 887 So.2d 1237, 1241 n. 4 (Fla.2004)).  Here, the Amended Complaint explicitly states that "Flagster transferred its money to Defendants in reliance upon the promises they made."  Amended Complaint at ¶ 154.  The Amended Complaint further alleges that Defendants had "obtained money, commissions, earnings, or benefits from Flagstar to which Defendants are not otherwise entitled . . ."  Id. at ¶ 156.  The Court concludes that those statements properly allege that Plaintiff conferred a direct benefit onto Defendants.

## IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants Ronan & Associates, Inc., Sanzo & Associates, Inc., Edward Ronan, and Steven Sanzo's Motion to Dismiss (DE 29) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of June, 2012.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record